AGNES M. BURKHARD et al., Respondents, v. BRADY TRANSPORTATION AND STORAGE Co., Appellant, et al., Defendants.— In an action by the plaintiff wife to recover damages for personal injuries, and by her husband for expenses and loss of services, defendant Brady Transportation and Storage Co. appeals from a judgment entered upon a verdict in favor of plaintiffs. Judgment unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ.

FILOMENA CAULFIELD, as Administratrix of the Estate of THOMAS J. CAULFIELD, Deceased, Appellant, v. ELMHURST CONTRACTING COMPANY, Respondent. — Plaintiff's intestate was struck by a boom attached to a crane owned and operated by defendant, and suffered injuries from which he died. Plaintiff obtained a verdict for $70,000. Defendant moved to set aside the verdict and for a new trial. The court denied the motion upon all the grounds urged, except excessiveness, and subsequently granted the motion unless plaintiff, within twenty days thereafter, stipulated to reduce the verdict to $55,000, in which event the motion was denied. An order to that effect was entered on January 8, 1946. Plaintiff did not so stipulate but appealed from the order, and also obtained an order staying all proceedings on the part of defendant under the order of January 8, 1946, except to appeal therefrom, and extending plaintiff's time to sign the stipulation provided for in the order of January 8, 1946, until ten days after the determination of this appeal. Decedent was 31 years old and had a life expectancy of 34.62 years. For about 15 years he had been employed by the Todd Shipyards, first as a dry dock hand, and later as a foreman, and at the time of his death he was assistant dockmaster, earning a weekly salary of $96. He had never been sick. He left him surviving a widow 31 years of age, and three children aged 11, 7 and 4 years, respectively, and another child born posthumously. Order reversed on the facts, the motion denied and the verdict reinstated, with costs to appellant. The verdict is supported by the evidence and the amount thereof may not be said to be excessive. Carswell, Acting P. J., Johnston, Aldrich and Nolan, JJ., concur; Adel, J., dissents and votes to affirm.

COUNTY OF NASSAU, Appellant, v. SIDNEY S. KERN, Respondent.— In a consolidated action, involving the question of whether or not certain articles were a part of certain real property so as to become assessable as such under the Tax Law, the plaintiff claimed under certain tax deeds, delivered upon sales for unpaid taxes, and the defendant claimed by virtue of a bill of sale. The trial court determined that the articles in question were not a part of the real property but belonged to defendant. From the judgment in favor of defendant entered upon such decision, the plaintiff appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.